UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

*In Re:*                                   )            Chapter 11
Statewide Services, LLC        )            Case No. 11-14235
    Debtor                          )

MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY COUNSEL

*To the Honorable Justice Joan Feeney, Bankruptcy Judge:*

Now comes the above captioned Debtor and moves this Court for an Order authorizing the Debtor to employ Ira H. Grolman to act as its Counsel and the Debtor submits the following in support thereof:

1. On May 4, 2011, (the "Filing Date"), a voluntary petition under Chapter 11 of the Bankruptcy Code was filed by the Debtor in this Court (the "Reorganization Case").

2. The Debtor seeks to employ Ira H. Grolman to act as its Counsel in this case pursuant to Section 327 and Section 1107 of the Bankruptcy Code.

3. Ira H. Grolman is an attorney duly admitted to practice in this Court, has experience in matters of this character and Ira H. Grolman is qualified to represent the Debtor in this case.

4. The Debtor seeks to employ counsel in order to render the following professional services: (a) To assist and advise the Debtor in the formulation and presentation of a Plan of Reorganization and Disclosure Statement; (b) To advise the Debtor as to its duties and responsibilities as Debtor-in-Possession; (c) To perform such other legal services as may be required during the course of this Chapter 11 case.

5. It is necessary for the Debtor to employ an attorney to perform such professional services.

6. Ira H. Grolman has no connection with the creditors, any party in interest or their respective attorneys.

7. Ira H. Grolman represents no interest adverse to the Debtor or the estate in the matters upon which he is to be engaged and his employment would be in the best interest of this estate.

8. The relief sought in the within Motion is a core proceeding as that term is defined in 28 U.S.C. 157.

9. Prior to the filing of this case, the following payment was made to Attorney Grolman: One bank check in the amount of $5,000 dated 22 April, 2011, and one check dated 25 April, 2011 in the amount of $2,000.00, which I am informed have been deposited in Attorney Grolman's IOLTA account at Citizen's Bank by Attorney Grolman (the "Security Retainer Account"). A portion of that payment, $3,000.00 was deposited in his general operating account, pre-petition by Attorney Grolman, to cover the filing fee and pre-petition services.

10. Attorney Grolman seeks authority to apply, on a monthly basis, the remaining funds in the Security Retainer Account ($4,000.00) in accordance with paragraph 9 of the Affidavit filed contemporaneously herewith.

11. No other funds have been paid to Attorney Grolman relative to his services in this case.

WHEREFORE, I request that I be authorized to employ Ira H. Grolman as Counsel to perform the services specified in paragraph 4 above, that Attorney Grolman be authorized to apply, on a monthly basis, the funds in the Security Retainer Account in accordance with paragraph 9 of the Affidavit filed contemporaneously herewith and that the Debtor have such other and further relief as is just.

Dated: May 5, 2011.

By: _____
Joseph Crisoforo
Manager, Statewide Services, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

*In Re:*              )           Chapter 11
Statewide Services, LLC   )       Case No. 11-14235
   Debtor         )

AFFIDAVIT OF COUNSEL

I, Ira H. Grolman, being duly sworn, depose and say:

1. That I am an attorney admitted to practice before this Court.

2. I maintain an office at 321 Columbus Avenue, Boston, Massachusetts.

3. I do not presently represent any entity (except the Debtor) as defined by 11 U.S.C. 101(15) in connection with the above entitled case.

4. I hereby represent that I do not hold or represent any interest adverse to the estate of the above-named Debtor.

5. My connections with the Debtor, creditors or other parties in interest, their respective attorneys and accountants are none.

6. I hereby represent that I am a "disinterested person" as that term is defined in 11 U.S.C. 101(14).

7. I hereby represent that I have not agreed to share with any person the compensation to be paid for the services rendered in this case.

8. Prior to the filing of this case, I received two checks dated April 22, 2011 and April 25, 2011, in the amount of $5,000.00 and $2,000.00 respectively, which I placed in my IOLTA account at Citizen's Bank as a security retainer (the "Security Retainer Account") for services to be rendered during the course of this case.

9. I deposited $3,000.00 from the Security Retainer Account in my general operating account on May 2, 2011 to cover the filing fee and pre-petition services.

10. The undersigned seeks authority to apply on a monthly basis the remaining funds in the Security Retainer Account ($4,000.00), without specific interim application to this Court and on an interim basis, to the fees and expenses as they are incurred in this case. Said funds from the Security Retainer Account will be transferred to the general operating account of the undersigned as services are rendered at the rate of $350.00 per hour for the undersigned and $125.00 for the paraprofessionals on my staff, and as expenses are incurred. There will be no funds added to the Security Retainer Account (beyond the initial $7,000.00) without further application to and approval of this Court. Any such application of fees and expenses from the Security Retainer

   Account will be interim only, subject to the final allowance of this Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code. The undersigned acknowledges that any interim compensation paid pursuant to this paragraph will be subject to disgorgement if this Court awards a lesser figure in final fees than the funds which have been applied on an interim basis by the undersigned from the Security Retainer Account.

11. I acknowledge that all fees are subject to review and approval of this Court.

12. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) There is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

Signed under the pains and penalties of perjury this __5__ day of May, 2011.

Dated: 5 May 2011

_____
Ira H. Grolman
321 Columbus Avenue
Boston, MA 02116
(617) 859-8966
(BBO 556709)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

*In Re:*                    )           Chapter 11
Statewide Services, LLC     )           Case No. 11-14235
    Debtor              )

DECLARATION RE: ELECTRONIC FILING

PART I - DECLARATION OF PETITIONER

I, Ira H. Grolman, hereby declare under penalty of perjury that all of the information contained in my Affidavit (the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 5 May 2011.                          _____
                                                                             (Affiant)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

*In Re:*                                    )          Chapter 11
Statewide Services, LLC          )          Case No. 11-14235
    Debtor                                 )

## ORDER RE: MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY COUNSEL

At Boston, in said District, on the _____ day of _____, 2011.

This matter having come on before me upon the annexed Motion of the above captioned Debtor seeking authority to employ Ira H. Grolman to act as Counsel to the Debtor, it appearing that it is necessary for said Debtor to employ counsel and it appearing that said Ira H. Grolman is an attorney duly admitted to practice in this Court, and it further appearing that said Ira H. Grolman represents no interest adverse to the estate in the matters upon which he is to be engaged, and it further appearing that said employment would be in the best interest of the estate, no further notice required and no adverse interest represented, it is hereby

FOUND:
That the relief requested in the annexed Motion is a core proceeding as that term is defined in 28 U.S.C. 157; and it is hereby

ORDERED:
That the Debtor is authorized to employ Ira H. Grolman as its Counsel to perform the services set forth in paragraph 4 of the annexed Motion, and it is further

ORDERED:
That Attorney Grolman is authorized to apply, on a monthly basis, funds from the Security Retainer Account, as that term is defined in the Affidavit of Ira H. Grolman filed contemporaneously herewith and which definition is incorporated by reference herein, said application of the funds from the Security Retainer in accordance with paragraph 10 of said Affidavit. All fees are subject to final approval of this Court.

_____
Joan Feeney
Bankruptcy Judge

CERTIFICATE OF SERVICE

I, Ira H. Grolman, hereby certify that a copy of the foregoing Motion has been served, electronically upon the Office of the United States Trustee, John W. McCormack Post Office and Courthouse, 5 Post Office Square, 10th Floor, Suite 1000, Boston MA 02109.

Dated: 5 MAY, 2011.                                      /s/Ira H. Grolman